That case was followed and the same rule reasserted in Osgood v. People, 39 N. Y. 449.

The demurrer is overruled.

Ordered accordingly.

Supreme Court, Kings Special Term. February, 1897. Unreported.

In the Matter of the Application of EMILY G. SMITH to revoke the Liquor Tax Certificate of ROLAND P. MERRILL.

DICKEY, J. S. C.   From a careful reading of the testimony taken before the referee, I am satisfied that material statements in the application of the holder of the certificate were false, and that he was not entitled to a certificate.   His statement that only one dwelling was within two hundred feet of his saloon, and his attaching the consent of Philip E. Schenck as the owner of that dwelling, was a false statement.   That dwelling was not within two hundred feet, but the dwelling of this petitioner was within that distance.

While his statement was true as to one dwelling being within the distance, he has not the consent of that owner, so he was not entitled to a certificate.   There are plenty of places where liquor is now sold, without starting new places within two hundred feet of property used exclusively for dwellings, and it will do no harm to have it authoritatively understood that certificates will be revoked by courts unless the law is strictly complied with.

This certificate must be revoked and cancelled, with $25.00 costs and disbursements against him.